**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| S&G Elite LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ST National Franchising LLC and Tamica Lachelle Goree,<br><br>          Defendants. | No. CV-25-00037-TUC-RM<br><br>**ORDER** |

Pending before the Court is Defendants ST National Franchising LLC ("ST National") and Tamica Lachelle Goree, a.k.a. Tamica Landaeta's, Motion to Transfer Venue and to Stay Proceeding Pending Resolution of Motion to Transfer. (Doc. 17.) Pursuant to 28 U.S.C. § 1404(a), Defendants ask that the Court transfer this action to the United States District Court for the Western District of Missouri. (*Id.*) Plaintiff S&G Elite LLC ("S&G Elite") responded in opposition (Doc. 21), and Defendants filed a Proposed Reply (currently lodged at Doc. 25).[1] For the reasons set forth below, the Court finds it appropriate to transfer this action to the Western District of Missouri.

**I.    Background**

On March 27, 2023, Plaintiff S&G Elite entered into a Franchise Agreement with Defendant ST National. (Doc. 1 at ¶ 12; Doc. 18.) Pursuant to the Agreement, Plaintiff operates a franchise location of "The Mail Center" in Tucson, Arizona. (Doc. 1 at ¶¶ 11-

---

[1] Defendants' Motion for Leave to File Reply to Plaintiff's Response to Defendants' Motion to Transfer (Doc. 24) will be granted, and the Court will direct the Clerk of Court to file Defendants' Proposed Reply (currently lodged at Doc. 25).

12; Doc. 18.) The Franchise Agreement contains a forum selection clause, which states: "You and we agree that venue and jurisdiction for any Claims, except those required to be submitted to arbitration, shall be proper solely in the state and federal court nearest to our corporate headquarters, presently located in Kansas City, Missouri." (Doc. 18 at 33.)[2] The Franchise Agreement defines "Claims" as "all claims that in any way relate to or arise out of this Agreement or any of the dealings of the parties ('Claims')." (*Id.*) Plaintiff filed this action in the District of Arizona, asserting claims of fraudulent inducement, breach of contract, and breach of the covenant of good faith and fair dealing. (Doc. 1.) Specifically, Plaintiff alleges that Defendants fraudulently induced it into signing the Franchise Agreement by misrepresenting ST National's reputation, financial stability, and the expected costs and profitability of the franchise. (*Id.* at ¶¶ 20-28.)

On the same date as filing the Complaint, Plaintiff also filed an Application for Temporary Restraining Order (Without Notice) and Request for Order to Show Cause Why Preliminary Injunction Should Not Be Issued. (Doc. 2.) The Court initially denied the temporary restraining order without notice due to Plaintiff's lack of certification of efforts to notify Defendants, as required by Federal Rule of Civil Procedure 65(b)(1)(B). (Doc. 9.) After hearing oral argument from both parties on February 6, 2025, the Court partially granted the temporary restraining order, thereby enjoining Defendants from taking actions related to the Franchise Agreement pending resolution of the instant Motion to Transfer. (Doc. 20.)[3]

**II.  Legal Standard**

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2).[4] "For the convenience of parties and

---

[2] The parties do not argue that this case is subject to arbitration.
[3] The Court deferred setting a preliminary injunction hearing pending the resolution of Defendants' Motion to Transfer. (Doc. 20.)
[4] There is no dispute that venue is proper in the Western District of Missouri under 28 U.S.C. § 1391(b)(1).

witnesses, in the interest of justice, a district court may transfer any civil action" to any district "to which all parties have consented." 28 U.S.C. § 1404(a).

A forum-selection clause "may be enforced through a motion to transfer" under § 1404, and "proper application" of § 1404 "requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 69-70 (2013) (internal quotation marks omitted). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient" for themselves or witnesses, and the district court "should not consider arguments about the parties' private interests." *Id.* at 64. Courts must instead focus on public-interest factors, which "will rarely defeat a transfer motion." *Id.*[5]

Forum-selection clauses are presumptively valid, and the burden is on the party opposing enforcement to "clearly show that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). For claims involving fraud, a forum selection clause is enforceable unless the resisting party demonstrates that the clause itself, rather than the entire agreement, was procured through fraud. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) ("[S]imply alleging that one was duped into signing the contract is not enough…For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'") (emphasis in original) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)).

### III. Discussion

In their Motion to Transfer Venue, Defendants argue that the forum selection clause in the Franchise Agreement is mandatory and requires all disputes to be litigated in the state or federal courts nearest ST National's corporate headquarters in Kansas City,

---

[5] Public-interest factors may include court congestion, the local interest in resolving local controversies, and the local interest in trying diversity cases in a forum familiar with the applicable law. *Atl. Marine Constr. Co.*, 571 U.S. at 63 n.6.

- 3 -

Case 4:25-cv-00102-SRB    Document 27    Filed 02/13/25    Page 3 of 5

1   Missouri.  (Doc. 17 at 2.)  Defendants assert that the federal court nearest Kansas City,
2   Missouri, is the United States District Court for the Western District of Missouri.  (*Id.*;
3   Doc. 18-1 at ¶ 7.)  Defendants argue that forum selection clauses must be given
4   controlling weight in all but exceptional cases, and no exceptional circumstances exist
5   here.  (Doc. 17 at 2.)

6   In its Response, Plaintiff argues that Defendants' Motion should be denied
7   because the Western District of Missouri is not a more equitable or fair venue.  (Doc. 21
8   at 1.)  Plaintiff asserts that the Franchise Agreement, including its forum selection clause,
9   was fraudulently induced by Defendants based on false promises regarding the
10  franchise's profitability and reputation.  (*Id.* at 1-3.)  Plaintiff contends that because the
11  Franchise Agreement was fraudulently induced, *Atlantic Marine* is not applicable, as that
12  case "dealt with a 'valid' forum-selection clause."  (*Id.* at 2.)  Consequently, Plaintiff
13  argues that Arizona is the more appropriate venue because the alleged fraudulent conduct
14  occurred here.  (*Id.* at 2.)  Finally, Plaintiff highlights concerns about increased litigation
15  costs and inconvenience to Plaintiff and potential witnesses.  (*Id.*)

16  In their Reply, Defendants contend that Plaintiff's allegations of fraudulent
17  inducement do not invalidate the forum selection clause because Plaintiff has not alleged
18  or demonstrated that the clause itself was the product of fraud.  (Doc. 25 at 1.)
19  Furthermore, Defendants maintain that Plaintiff's arguments regarding witness
20  convenience and increased litigation costs are private interest factors, which are irrelevant
21  under the framework established in *Atlantic Marine*.  (*Id.* at 4.)

22  Plaintiff has not shown that the enforcement of the Franchise Agreement's forum-
23  selection clause would be unjust or unreasonable, or that the clause is invalid due to fraud
24  or overreaching.  *See M/S Bremen*, 407 U.S. at 15.  Plaintiff has not alleged or provided
25  specific evidence that the clause itself was procured through fraud.  Rather, Plaintiff's
26  allegations of fraudulent inducement pertain to the entire Franchise Agreement and
27  general allegations pertaining to misrepresentations about the franchise's profitability and
28  operations as a whole.  Such general allegations are insufficient to invalidate the clause.

*See Fouad ex rel. Digital Soula Sys. v. State of Qatar*, 846 Fed. Appx. 466, 469 (9th Cir. 2021) (affirming enforcement of a forum selection clause where fraud allegations pertained to the entire agreement rather than the clause itself).

Furthermore, Plaintiff has not identified any extraordinary public interest factors that justify overriding the forum selection clause. Plaintiff's concerns about witness convenience and increased litigation costs are private interest factors that *Atlantic Marine* instructs courts to disregard when evaluating a motion to transfer based on a valid forum selection clause.

For the foregoing reasons, the Court finds that the forum selection clause is valid and enforceable, and that Plaintiff has failed to demonstrate extraordinary circumstances warranting denial of the Motion to Transfer. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Reply to Plaintiff's Response to Defendants' Motion for Transfer of Venue and to Stay Proceeding Pending Resolution of Motion to Transfer (Doc. 24) is **granted**. The Clerk of Court is directed to **file** Defendants' proposed Reply (currently lodged at Doc. 25).

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue and to Stay Proceeding Pending Resolution of Motion to Transfer (Doc. 17) is **granted** to the extent this Order provides the relief requested. The Clerk of Court is directed to **transfer** the above-entitled action to the United States District Court for the Western District of Missouri. By its own terms, the Court's Temporary Restraining Order (Doc. 20) is dissolved now that Defendants' Motion to Transfer Venue has been resolved. Plaintiff may apply for further injunctive relief in the Western District of Missouri.

Dated this 13th day of February, 2025.

_____
Honorable Rosemary Márquez
United States District Judge